# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RICHARD BLAKE TOLSON,** *Plaintiff,* v. **CUSTOMIZED TRUCKING SERVICES INC., CROWLEY LINER SERVICES, INC., THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT, AND VEHID SEHIC,** *Defendants.* | **CIVIL ACTION NO. 5:18-cv-00421-TES** |

## ORDER GRANTING THE PARTIES' CROSS MOTIONS TO ENFORCE SETTLEMENT AGREEMENT

Before the Court is Plaintiff's Motion to Enforce Judgment [Doc. 27][1] and Defendants' Motion for Enforcement of Settlement Agreement [Doc. 28]. For the following reasons, the Court **GRANTS** both Motions [Docs. 27, 28].

Plaintiff filed a complaint with this Court on November 8, 2018. [Doc. 1]. Approximately five months after the Court entered the Scheduling/Discovery Order [Doc. 13], the Court received an email from the Plaintiff's counsel informing

---

[1] There has not been a judgment in this case. As such, the Court will treat Plaintiff's Motion to Enforce Judgment as a motion to enforce the settlement agreement entered into between the parties.

the Court that the parties reached a settlement agreement.[2] In a July 19, 2019 email, Defendants' attorney offered $50,000 to settle Plaintiff's bodily injury claim in total without affecting the underlying subrogation claim. *See* [Doc. 27-2]. Plaintiff accepted the offer via email that same day. *See* [Doc. 27-3]. Neither party disputes the fact that they settled the case for $50,000 on July 19th.

After agreeing to the settlement, the parties' attorneys bickered back and forth about whether the Plaintiff would send the release to get the settlement check or whether the insurance company would send the check in order to get the release. *See* [Docs. 27-4, 27-5, 27-6, 28-4, 28-5, 28-6, 28-7]. On August 5, 2019 (17 days after settlement), Plaintiff's attorney sent an email to Defendant's attorney unilaterally demanding payment immediately and agreeing to waive accrued interest if payment of the "full amount due plus interest" is received before 5:00 PM on August 6, 2019. *See* [Doc. 28-6]. In response, Defendants' attorney sent an email back to Plaintiff's attorney explaining that he would overnight the check as soon as he received it from Defendant, but noted that it would be unlikely that he would be able to get the check to Plaintiff's attorney by 5:00 PM on August 6, 2019. *See* [Doc. 28-7].

---

[2] According to that email, a stipulation of dismissal was supposed to be filed within two weeks of the 19th of July, 2019, but there still has not been a stipulation of dismissal filed with the Court.

On August 7, 2019, Plaintiff's attorney responded that the demand was made on August 5, 2019, and the full amount owed through August 6, 2019 is $50,009.59, which included the hefty sum of $9.59 that he believed to be accrued interest. *See* [Doc. 27-7]. Additionally, Plaintiff's attorney informed Defendant he would not accept any partial payment and interest will continue to accrue daily on the full amount at $9.589 per day until paid. *See* [id.].[3] On August 9, 2019, Plaintiff's attorney sent another email containing the same case citations and explaining the full amount owed through August 8th had now grown to $50,028.77. *See* [Doc. 27-8]. Further, Plaintiff's attorney expressed his intent to make either a motion to enforce the settlement or a motion to enter a judgment if the Defendants did not pay the settlement amount, including interest, by the next week. *See* [id.]. Two days later, Plaintiff's attorney sent a nearly identical email claiming that Plaintiff was entitled to $50, 057.53. *See* [Doc. 27-9].

Plaintiff received a check for $50,000 on August 16th. Rather than cashing the check, Plaintiff's attorney sent the check back to Broadspire (Travelers) because it did not include $95.89 in accrued interest pursuant to O.C.G.A. § 7-4-15. *See* [Docs.

---

[3] The same email contained case citations for the proposition that the settlement should be treated as a liquidated sum, and pre-judgment interest accrues from the date of demand at a rate of seven percent per annum. The plaintiff relied on O.C.G.A. §§ 7-4-2 and 7-4-15. [Doc. 27-7].

28-8, 27-10]. Plaintiff then filed a motion for the Court to enforce the settlement agreement, complete with accrued interest.

In response, the Defendants filed their own retaliatory motion to enforce settlement in which they contend they do not owe any interest. *See* [Doc. 28]. Defendants also claimed that they filed a motion for sanctions against Plaintiff, but the Court has yet to receive such a motion. *See* [Doc. 28, p. 4]

The Court will not address the issue of the alleged interest owed on the $50,000 settlement in this order. That issue will be addressed in the Motion Hearing the Court set for 10:00 AM next Tuesday, August 27, 2019. This Court orders all attorneys of record to attend the hearing, along with Plaintiff and at least one representative of any insurance company with supervisory authority over the litigation that has settlement authority and authority to approve any motions filed by counsel.

The Court **GRANTS** Plaintiff's Motion to Enforce Judgment [Doc. 27] insofar as it **CONSTRUES** Plaintiff's Motion as a motion to enforce the settlement agreement. The Court also **GRANTS**[4] Defendants' Motion for Enforcement of Settlement Agreement [Doc. 28]. Plaintiff is **ORDERED** to overnight the signed

---

[4] On the 21st of June, 2019, Defendants filed their Motion to Strike [Doc. 21]. The Court **DENIES** that Motion as moot given the settlement agreement.

4

release to Defendants by 12 PM this Thursday, August 22, 2019. Defendants are **ORDERED** to overnight a check for $50,000 to Plaintiff by 12 PM this Thursday, August 22, 2019. Finally, both attorneys must send the Court an email certifying that they completed these tasks immediately upon their compliance.

**SO ORDERED**, this 21st day of August, 2019.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**